**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **In Re:** ) | **CASE NO. 1:04CV1440** |
| ) | **(Consolidated Cases)** |
| ) | |
| **FERRO CORPORATION** ) | **Judge John M. Manos** |
| **SECURITIES LITIGATION** ) | |
| ) | |
| ) | |
| ) | **ORDER** |

The consolidated complaint for this securities action was originally due on April 2, 2005. On March 23, 2005, Lead Plaintiff City of Pontiac Policemen's and Firemen's Retirement System ("Lead Plaintiff") filed a motion for extension of time to file the consolidated complaint until thirty (30) days after Ferro Corporation ("Ferro") files its 2003 Amended Form 10-K and 2004 Amended Form 10-Q ("Amended Forms"). (Docket No. 21.) Lead Plaintiff also requested a partial lift of the Private Securities Litigation Reform Act ("PSLRA") discovery-stay.

On March 24, 2005, the Court granted the motion for an extension of time for thirty (30) days with the expectation that Ferro would be filing its Amended Forms sometime in April. (Docket No. 22.) The Court deferred a ruling on the discovery-stay issue.

Ferro never filed its Amended Forms. On April 15, 2005, Lead Plaintiff renewed its motion for an extension of time. (Docket No. 25.) On April 18, 2005, Ferro filed a brief in opposition. (Docket No. 26.) On April 20, 2005, the Court granted the motion for an extension of time until the Court had an opportunity to hear oral arguments. (Docket No. 27.) On May 6, 2005, the Court heard oral arguments on two issues: (1) whether or not the deadline to file the consolidated complaint should be indefinitely stayed until 30 days after Ferro files its Amended Forms; and (2) whether or not the PSLRA discovery-stay should be partially lifted to give Lead Plaintiff access to documents already disclosed to the Securities and Exchange Commission and the Department of Justice. (Docket No. 30.)

The two issues have been fully briefed and are ripe for adjudication. For the following reasons, the motions are **DENIED**.

### I. Motion for Extension of Time

Lead Plaintiff argues that because neither party disputes that the Amended Forms are relevant to the litigation, the due date for the consolidated complaint should be indefinitely stayed until after they are filed. The Court certainly does not condone the fact that the filing of these Amended Forms is long overdue. Hopefully, Ferro will soon be forthcoming with the investing public about fiscal year 2003 and the first quarter of 2004 and file these forms. Nonetheless, during oral arguments, Lead Plaintiff indicated that it has sufficient facts to proceed with the litigation even without the Amended Forms. Thus, the motion for an extension of time is denied and the consolidated complaint is due on June 20, 2005, regardless of whether or not Ferro has filed its Amended Forms. The Court will entertain a motion to amend the consolidated complaint once Ferro files its Amended Forms.

## II.  Motion to Partially Lift the Discovery Stay

Lead Plaintiff argues that the PSLRA discovery-stay should be partially lifted so that it can access documents already disclosed to the Securities and Exchange Commission and the Department of Justice. According to the PSLRA, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). Lead Plaintiff does not argue that there is a need to preserve evidence. Thus, it is required to show undue prejudice.[1] "Undue prejudice" in this context means "improper or unfair treatment." Medical Imaging Ctrs. of America, Inc. v. Lichtenstein, 917 F. Supp. 717, 720-21 (S.D. Cal. 1996).

The purpose of the PSLRA discovery-stay is twofold: "(1) to prevent the imposition of any unreasonable burden on a defendant before disposition of a motion to dismiss; and (2) to avoid the situation in which a plaintiff sues without possessing the requisite information to meet the heightened pleading requirements of the PSLRA, then uses discovery to acquire that information and resuscitate a complaint that is otherwise subject to dismissal." In re DPL Inc., Sec. Litig., 247 F. Supp. 2d 946, 950-51 (S.D. Ohio 2003) (citations omitted). Indeed, "Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed." Medhekar v. United States

---

[1]  Although a motion to dismiss is not pending, Ferro has indicated that it intends to file a motion to dismiss. Thus, the PSLRA discovery-stay is triggered. See In re Carnegie Int'l Corp. Sec. Litig., 107 F. Supp. 2d 676, 683-84 (D. Md. 2000).

District Court, 99 F.3d 325, 328 (9th Cir. 1996).

Throughout its brief, Lead Plaintiff argues that there is no burden on Ferro in producing this information because it has already been handed over to government entities and Lead Plaintiff has offered to pay for photocopies. However, the test is not whether Ferro is burdened in producing these documents; rather, Lead Plaintiff must show that it would suffer undue prejudice if the documents are not produced..

There is no general exception to the PSLRA discovery-stay for documents already filed with government entities. The Court recognizes that some courts have construed "undue prejudice" to include situations where (1) the defendant corporation is bankrupt, (2) the information has already been disclosed to other litigants in pending cases, and (3) settlement negotiations have begun. See e.g. In re Worldcom, Inc. Sec. Ltig., 234 F. Supp. 2d 301 (S.D.N.Y. 2002); In re Enron Corp. Sec., Derivative & "ERISA" Litig., 2002 U.S. Dist. LEXIS 26261 (S.D. Tex. Aug. 15, 2002); IN re Williams Sec. Litig., 2003 U.S. Dist. LEXIS 24304 (N.D. Okla. May 22, 2003); In re LeBranche Sec. Litig., 2004 U.S. Dist. LEXIS 17268 (S.D.N.Y. Aug. 25, 2004); and Seippel v. Sidley, Austin, Brown & Wood LLP, 2005 U.S. Dist. LEXIS 2388 (S.D.N.Y. Feb. 17, 2005). However, none of these situations exist here. Ferro is not bankrupt. The only other litigation involving Ferro is the consolidated derivative lawsuit before this Court and neither party has engaged in any discovery. Finally, settlement negotiations have not yet begun given that the consolidated complaint has not even been filed.

Lead Plaintiff argues that it would suffer undue prejudice simply because the information could be helpful in pursuing litigation strategies. However, such a broad interpretation of "undue prejudice" would exist in almost any case and render the PSLRA discovery-stay meaningless. Accordingly, the

motion to partially lift the discovery-stay is denied. The Court will entertain a renewed motion to partially lift the discovery-stay if new information becomes available to the Lead Plaintiff that demonstrates a need for these documents.

**IT IS SO ORDERED.**

**Date: June 2, 2005**                     <u>*/s/ John M. Manos*</u>
                                           **UNITED STATES DISTRICT JUDGE**